NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-267

LYNN ALLEGAERT, trustee,[1]

vs.

HARBOR VIEW HOTEL OWNER, LLC & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff-in-counterclaim, Harbor View Hotel Owner, LLC, (Harbor View) filed an abuse of process counterclaim against the defendant-in-counterclaim, Lynn Allegaert. A judge of the Superior Court denied Allegaert's special motion to dismiss the counterclaim pursuant to the anti-SLAPP statute, G. L. c. 231, § 59H. Allegaert appeals from the order denying her special motion to dismiss. We reverse.

Discussion. The following facts are derived from the pleadings and documentary evidence before the Superior Court. Allegaert owns a residential property that abuts the Harbor View

_____

[1] Of the Lynn Allegaert Revocable Trust.
[2] Zoning board of appeals of Edgartown.

Hotel in Edgartown. In 2008, the zoning board of appeals of Edgartown (board) granted a special permit to Harbor View and, in 2018 and 2023, modified the special permit. The project for which Harbor View sought the permit involved the demolition and reconstruction of three cottages and the construction of a new cottage. In 2023, Allegaert filed a complaint challenging the 2023 modification of the special permit. The complaint asserted that the 2023 modification was an abuse of discretion in violation of G. L. c. 40A, § 17. Allegaert also sought recovery for detrimental reliance, promissory estoppel, unjust enrichment, nuisance, and infliction of emotional distress. Harbor View filed an answer and counterclaim, seeking recovery against Allegaert for abuse of process in connection with her claims. Allegaert filed an anti-SLAPP special motion to dismiss Harbor View's counterclaim, which the judge denied.

We review de novo the ruling on an anti-SLAPP motion to dismiss. See Bristol Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 560 (2024) (Bristol Asphalt). "[A] proponent of a special motion to dismiss under [G. L. c. 231, § 59H] must make a threshold showing . . . that the claims against it are based on the [party's] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities" (quotation and citation omitted).

2

Id. at 555.  Harbor View does not dispute that its abuse of process counterclaim is based solely on Allegaert's petitioning activity.

Once the threshold showing is made, the second stage of analysis follows, requiring the opponent of the motion to show that the petitioning activity "was devoid of any reasonable factual support or any arguable basis in law."  Bristol Asphalt, 493 Mass. at 557, quoting G. L. c. 231, § 59H.  "Proving petitioning is 'devoid' of any reasonable factual support or any arguable basis in law is a difficult task."  Id.  Claims for abuse of process "must ordinarily await the outcome of the lawsuit that they are challenging," because "the claim that is alleged to lack reasonable basis has not yet been adjudicated." Hidalgo v. Watch City Constr. Corp., 105 Mass. App. Ct. 148, 153 (2024).

Here, the challenged claims in the lawsuit have not been resolved, and we cannot conclude at this stage of the proceedings that Allegaert's claims lack any reasonable factual support or any arguable basis in law.  Thus, we conclude that Allegaert's special motion to dismiss Harbor View's counterclaim should have been allowed.  We note that at the time the judge decided the motion, she did not have the benefit of either the Bristol Asphalt or the Hidalgo decision.  The dismissal of

3

Harbor View's abuse of process counterclaim "is not as to the merits of the claims at this juncture, and is accordingly without prejudice."[3]  See Hidalgo, 105 Mass. App. Ct. at 155.

The order denying the special motion to dismiss is reversed.  A new order shall enter dismissing the amended counterclaim for abuse of process without prejudice.  The matter is remanded to the Superior Court for further proceedings consistent with the memorandum and order of the Appeals Court.

By the Court (Grant, Brennan & Toone, JJ.[4]),

Clerk

Entered:  April 18, 2025.

---

[3] Because the anti-SLAPP statute, G. L. c. 231, § 59H, requires the award of attorney's fees if the special motion to dismiss is allowed, see Bristol Asphalt, 493 Mass. at 555, we remand the matter to the Superior Court for a determination of Allegaert's request for attorney's fees associated with the trial court special motion to dismiss.

Allegaert also requests appellate attorney's fees. Allegaert may file with the clerk of this court a motion for fees detailing and supporting her request within fourteen days of the date of this decision.  Harbor View shall have fourteen days thereafter to respond.

[4] The panelists are listed in order of seniority.